UNITED STATES of America, Plaintiff–Appellee,

v.

Monkile M. CLEMMONS, Defendant–Appellant.

No. 08–13480
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

April 8, 2009.

---

Rosemary T. Cakmis, Federal Public Defender, Orlando, FL, for Defendant–Appellant.

Yvette Rhodes, Tampa, FL, for Plaintiff–Appellee.

Before BIRCH, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Monkile M. Clemmons appeals the district court's order granting his 18 U.S.C. § 3582 motion for a sentence reduction based on Amendment 706 to the Sentencing Guidelines, but denying his request for a downward variance. On appeal, Clemmons argues that the district court erred in finding that a 110–month sentence, at the low end of the amended guideline range, was reasonable in his case. He argues that he should have received a downward variance.

We review a district court's decision whether to reduce a sentence under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *United States v. White*, 305 F.3d 1264, 1267 (11th Cir.2002). Section 3582(c)(2) gives federal courts the authority to consider reducing the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." We have held that a district court must follow a two-step process in ruling on a § 3582(c)(2) motion. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir.2000). First, the district court must recalculate the defendant's sentencing range based on the relevant amendment to the Sentencing Guidelines. *Id.* None of the other guideline determinations made during the original sentencing are changed. *Id.* Second, the court must decide whether to retain the original sentence or to resentence the defendant based on the amended guideline range. *Id.* at 781. In making this decision, the district court must consider the 18 U.S.C. § 3553(a) factors. *Id.* These factors include, among other things: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for deterrence; (3) the need to protect the public from crimes committed by the defendant, and (4) the advisory guideline range.

The Sentencing Guidelines contain a policy statement that instructs the district court not to reduce a sentence below the new guideline range: "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guidelines range determined under [§ 1B1.10(b)(1) ]." U.S.S.G. § 1B1.10(b)(2)(A).

We have previously held that *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), by itself, does not give a court the authority to reduce a sentence under § 3582(c)(2). *United States v. Moreno,* 421 F.3d 1217, 1220–1221 (11th Cir.2005). Similarly, we have held that *Booker* did not apply in a case where Amendment 706 did not lower the defendant's guideline range. *United States v. Jones,* 548 F.3d 1366, 1369 (11th Cir.2008). Finally, this court has recently held that *Booker* and *Kimbrough* do not preclude Congress and the Sentencing Commission from limiting a district court's discretion in a § 3582(c)(2) resentencing via § 1B1.10(b)(2)(A). *United States v. Melvin,* 556 F.3d 1190, 1192–93 (11th Cir. 2009). Therefore, the district court did not err when it refused to grant Clemmons' request for a sentence lower than the advisory guidelines range.

**AFFIRMED.**[1]

---

1. Clemmons' request for oral argument is denied.